**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD E. HANSEN,**

       **Petitioner,**

**vs.**

                                      **Case No. 8:07-CV-824-T-27MAP**
                                **Crim. Case No.  8:03-CR-304-T-27MAP**

**UNITED STATES OF AMERICA,**

       **Respondent.**

_____/

**ORDER**

    **BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response in Opposition (CV Dkt. 11), and Petitioner's Reply (CV Dkt. 12).  Upon consideration, the Court concludes that the instant § 2255 motion should be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).  Accordingly, Petitioner's § 2255 motion is DENIED.[1]

**Procedural history**

    Petitioner was charged in a seven count Indictment with various drug violations (CR Dkt. 1). Pursuant to a plea agreement, Petitioner plead guilty to conspiring to manufacture 50 grams or

---

[1] The Government previously moved to dismiss, contending that the motion was untimely (Dkt. 7). That motion was denied, based on the mailbox rule, without prejudice to the Government challenging the timeliness of the motion in its response (Dkt. 9). The Government has not challenged the motion as untimely in its response.

more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846(Count One) and attempting to possess anhydrous ammonia, knowing and intending that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 846 (Count Five) (CR Dkts. 24, 25, 29, 43 at p. 14-15).

Petitioner was sentenced to 360 months in prison, followed by 60 months of supervised release, 400 hours of community service and restitution (CR Dkt. 31, 32). Petitioner's appeal was initially dismissed by the Eleventh Circuit Court of Appeals based on the appeal waiver clause in his plea agreement (CR Dkt. 46); *United States v. Hansen,* No. 04-11262-BB (11th Cir. 2004). Petitioner's case was remanded to the Eleventh Circuit by the Supreme Court for reconsideration in light of *United States v. Booker,* 543 U.S. 220 (2005). *See Hansen v. United States,* 544 U.S. 1029 (2005). On remand, the Eleventh Circuit reinstated its earlier dismissal, finding that the appeal waiver clause in Petitioner's plea agreement was enforceable and that none of the enumerated exceptions in the plea agreement permitted Petitioner to raise a *Booker* issue on appeal (CR Dkt. 48).

## Discussion

In his § 2255 motion, Petitioner raises four grounds for relief:

**Ground one**: Counsel was ineffective for inducing the defendant to waive appeal.
**Ground two**: Sentence exceeds maximum authorized punishment [and] exceeds court's sentencing jurisdiction.
**Ground three:** Absence of explicit wording waiving 2255 motion exempts 2255 from appeal waiver.
**Ground four:** Defendant did not knowingly [and] intelligently waive appeal of the sentence that was yet to be imposed.

## Appeal waiver

In summary, Petitioner contends that his attorney was ineffective for inducing him to waive his right to appeal and that he should have foreseen a change in the law under *Booker* (Ground One),

that his sentence exceeded the statutory maximum (Ground Two), that he did not waive collateral review (Ground Three), and that his appeal waiver is unenforceable as a "futuristic waiver."(Ground Four). By virtue of the express language of his appeal waiver, Petitioner has waived the right to collaterally attack his sentence on all of these grounds.

In his Plea Agreement, Petitioner expressly waived his right to appeal his sentence "directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence above the statutory maximum, [or] a sentence in violation of the law apart from the sentencing guidelines . . ." (CR Dkt. 24, p. 14). On direct appeal, the Eleventh Circuit expressly held that Petitioner's appeal waiver was "enforceable." (CR Dkt. 48).

Petitioner's appeal waiver waives the right to bring the instant § 2255 collateral challenge, including his claim of ineffective assistance. *Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied,* 546 U.S. 902 (2005). Where, as here, the plain language of the appeal waiver provision informed Petitioner that he was waiving his right to collaterally attack his sentence, his appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel. *Id.*

During Petitioner's Rule 11 colloquy, as the Eleventh Circuit noted, the magistrate judge specifically questioned Petitioner concerning the specifics of his appeal waiver and determined that he knowingly and voluntarily entered into the plea agreement. (CR Dkt. 43, p. 12). The Eleventh Circuit found that the appeal waiver was therefore enforceable. (CR Dkt. 48). On this basis alone, Petitioner's § 2255 motion is subject to dismissal, as he is barred from re-litigating the enforceability of his appeal waiver in this § 2255 proceedings, including the knowing and voluntary nature of the waiver.

**Ground One**

With respect to Ground One, Petitioner's ineffective assistance claim, this claim ostensibly relates to the knowing nature of his appeal waiver. Significantly, Petitioner does not allege that he was mislead or coerced into waiving his right to appeal by his attorney.[2] Neither does Petitioner contend that his attorney did not explain the effect of the appeal waiver or misrepresented the consequences of the appeal waiver. Nor does Petitioner allege that his attorney was unaware of prevailing law in the Circuit. Rather, Petitioner contends that his attorney did not explain that the law concerning the federal sentencing guidelines was "unsettled" and would develop in his favor after *Apprendi*.

Petitioner's self-serving contention is an obvious attempt to circumvent the effect of his appeal waiver and to resurrect the same *Booker* error which the Eleventh Circuit held was waived. That his attorney did not anticipate a change in federal sentencing law resulting from *Booker* did not constitute an inducement which vitiates the knowing nature of Petitioner's appeal waiver. Accordingly, this claim of ineffective assistance was waived by virtue of Petitioner's appeal waiver.[3] *Williams v. United States, supra.*

**Ground Two**

To the extent Petitioner attempts to raise an *Apprendi/Booker* claim in Ground Two, that claim was likewise waived by virtue of his appeal waiver. *United States v. Frye,* 402 F.3d 1123,

---

[2] Petitioner expressly disclaims any contention that this claim relates to his guilty plea or the entirety of his plea agreement (Dkt. 2, p. 3).

[3] During his plea colloquy, Petitioner stated that he understood the appeal waiver. He has not overcome the strong presumption that his representation was true. *See Patel v. United States,* 252 Fed.Appx. 970, 975 (11th Cir. 2007), *cert. denied,* 128 S.Ct. 2890 (2008)(remanded on other grounds).

1129 (11th Cir. 2005), *cert. denied,* 545 U.S. 1141 (2005); *United States v. Grinard-Henry,* 399 F.3d

1294, 1296 (11th Cir. 2005).

**Grounds Three and Four**

In Grounds Three and Four, Petitioner contends that he is not bound by his appeal waiver,

since the appeal waiver provision did not "explicitly" reference waiving his right to file a § 2255

motion and he therefore could not have knowingly waived his right to file a § 2255 motion.

Petitioner's contention has no merit, as discussed. *Williams v. United States,* 396 F.3d at 1342

(Where plain language of appeal waiver provision informs defendant that he is waiving right to

collaterally attack his sentence, appeal waiver includes waiver of right to challenge sentence

collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel.).

Moreover, these contentions are barred from review in this § 2255 proceeding, as the

enforceability of Petitioner's appeal waiver has been raised and disposed of against him by the

Eleventh Circuit. In its opinion dismissing Petitioner's direct appeal, the Eleventh Circuit found that

the appeal waiver in Petitioner's plea agreement was "enforceable" and that none of the enumerated

exceptions to the waiver applied:

> We conclude that Hansen's appeal waiver is enforceable because, during the plea
> hearing, he was specifically questioned by the magistrate judge about the waiver, and
> he indicated that he fully understood its significance. None of the enumerated
> exceptions to the waiver apply to permit Hansen to raise his *Booker* argument on
> appeal.

(CR Dkt. 48).

"[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be

re-litigated in a collateral attack under section 2255." *United States. v. Nyhuis,* 211 F.3d 1340, 1343

(11th Cir. 2000), *cert. denied,* 531 U.S. 1131 (2001) (quoting *United States v. Natelli,* 553 F.2d 5,

7 (2d Cir. 1977)); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981)(district court not required to reconsider claimed errors which were raised and disposed of on direct appeal).

## Procedural bar

Finally, even if Petitioner's appeal waiver does not preclude a § 2255 collateral attack, to the extent he could have raised any of the grounds he now seeks to raise on direct appeal (Grounds Two, Three and Four), he is procedurally barred from raising those claims now. "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). Accordingly, Petitioner is barred from asserting these claims unless he can show cause excusing his failure to raise the claims previously and actual prejudice resulting from the alleged error. *United States v. Nyhuis*, 211 F.3d at 1344. Petitioner makes no showing of cause or prejudice excusing his procedural default.

In addition to the four claims enumerated in his § 2255 motion, Petitioner purports to raise several additional claims in his reply (CV Dkt. 12). Specifically, Petitioner seeks leave to amend to raise claims that (1) his sentence was a guideline departure sentence, (2) his sentence was a "legally incorrect sentence based on an erroneous application of the guidelines," (3) the Government breached its agreement to recommend a low end sentence by allowing relevant conduct charged in Count Six, the dismissed count, to be considered in calculating the applicable guideline range, (4) the base offense level was incorrectly calculated, and (5) the USSG § 2D1.1(b)(5) enhancement was improper and not supported by sufficient evidence. (CV Dkt. 12).

It is unnecessary to address the merits of these contentions. Each of these contentions are subject to Petitioner's appeal waiver and therefore barred from review in this § 2255 proceeding.

*United States. v. Nyhuis, supra.* Moreover, apart from his appeal waiver, Petitioner is procedurally barred from raising claims which could have been but were not raised on appeal. *Greene v. United States, supra.*

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate ... 'cause' and actual 'prejudice'...." *Hill v. United States,* ___ F.3d ___, 2009 WL 366691, 3 (11th Cir. 2009) (quoting *Bousley v. United States,* 523 U.S.614, 622 (1998)); *Black v. United States,* 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge."). Petitioner offers nothing to support a finding of cause and prejudice excusing his procedural default. Review of these claims is therefore barred.

### Ineffective Assistance of Counsel

In the event Petitioner's claim of ineffective assistance of counsel was not waived by his appeal waiver, the claim otherwise has no merit. In Ground One, Petitioner essentially contends that his attorney was ineffective in failing to explain *Blakely* and the "unsettled" status of the law to him.[4] Specifically, Petitioner contends:

> Relevant to counsel's advice, in re, waiving appeal, . . . counsel represented to him that he would be sentenced to what he pled to; 50-200 grams drug weight and would get around a level 34 or 35, less the 3 points for acceptance of responsibility.

> Petitioner contends that "Counsel's advice was a misrepresentation of *Sanchez. Sanchez* was a misrepresentation of *Apprendi.*. . . that during plea negotiations, *Blakely* was pending in the Supreme Court . . .

> It can be seen from this that counsel should have advised Mr. Hansen that *Sanchez's*

---

[4] *Blakely v. Washington,* 542 U.S. 296 (2004).

authority was not the final word; that the courts were in the process of deciding whether ste guidelines - virtually identical to the U.S. Sentencing Guidelines - set the statutory maximum authorized punishment. . . .

Counsel should have been aware of the unsettled state of the law in regards to "statutory maximum" and in conjunction the standard of evidence required to raise that maximum, and he should have conveyed this to Mr. Hansen so he could weigh the question and make a knowing, intelligent, and voluntary decision.

(Dkt. 2, p. 5-6).

Petitioner contends that he was prejudiced by counsel "allowing a sentence above the authorized maximum and in violation of his due process right to findings of sentencing facts under the beyond a reasonable doubt standard. *Id.* at p. 7.

Petitioner essentially complains that his attorney was ineffective in failing to anticipate a change in the law, that is, the holdings in *Blakely* and *Booker*. Generally, however, an attorney does not render ineffective assistance in failing to anticipate changes in the law, including those arising from *Apprendi*.[5] *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *United States v. Levy*, 391 F.3d 1327, 1334 (11th Cir. 2004).

Petitioner was sentenced on March 8, 2004 (CR Dkts. 31, 32). *Blakely* was decided on June 24, 2004, more than three months after Petitioner was sentenced. The Supreme Court granted the petition for writ of certiorari in *Booker* on August 2, 2004, more than four months after Petitioner was sentenced. *United States v. Booker*, 542 U.S. 956 (2004). *Booker* was decided on January 12, 2005, more than ten months after Petitioner was sentenced. When Petitioner entered his plea and was sentenced, controlling precedent in this Circuit held that *Apprendi* did not apply to the federal sentencing guidelines, but only to facts that increased a sentence above the applicable statutory

---

[5] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

-8-

maximum. *See United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001)(*en banc*). The law in this Circuit was not, therefore, "unsettled" at the time Petitioner waived his right to appeal, as Petitioner contends. Accordingly, counsel's failure to anticipate *Booker* and explain to Petitioner that the law was "unsettled" did not constitute ineffective assistance of counsel. *Dubose v. United States*, 549 U.S. 1316 (2007)(counsel's failure to advance argument premised on the ground that the Supreme Court would apply *Apprendi* to federal sentencing guidelines not ineffective assistance).

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate deficient performance and prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong of *Strickland*, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994). Specifically, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness, considering the circumstances as they existed at the time of representation. *Id.* at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689.

Unless a petitioner satisfies both prongs of the *Strickland* test, relief must be denied. *Butcher v. United States,* 368 F.3d 1290, 1293-94 (11th Cir. 2004); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998). Where, as here, Petitioner is unable to establish the first prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Petitioner cannot show that counsel was ineffective in failing to anticipate the change in the law resulting from *Booker*. An attorney is not ineffective in failing to anticipate changes in the law.

*Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir. 1994); *Funchess v. Wainwright,* 772 F.2d 683, 691 (11th Cir. 1985). More specifically, counsel is not ineffective in failing to act in anticipation of *Booker. See Bajorski v. United States,* 276 Fed.Appx. 952, 954 (11th Cir. 2008)(counsel not ineffective in failing to seek continuance while *Booker* decided). Even if, by virtue of the pendency of *Blakely,* a *Booker* type claim was reasonably available to Petitioner's attorney based upon an anticipated change in the law, counsel's failure to raise it, and for that matter, explain it to Petitioner, did not constitute ineffective assistance. *See Pitts v. Cook,* 923 F.2d 1568, 1573-74 (11th Cir. 1991).

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Tampa, Florida, this *3/*⁵ᵗ day of March, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, *pro se*
U. S. Attorney's office